Filed 8/26/14  P. v. McDonald CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C075251 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF121658) |
| v. | |
| STEVEN KELLY McDONALD, | |
| Defendant and Appellant. | |

Counsel for defendant Steven Kelly McDonald has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirm.

---

[1]     Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

FACTUAL AND PROCEDURAL BACKGROUND

At around 11:00 p.m. on August 3, 2013, two Yuba City police officers saw defendant speeding in a 25-miles-per-hour zone. They could also hear music coming from his sport utility vehicle (SUV) from 200 feet away. After initiating a traffic stop and identifying defendant (the sole occupant and driver), one of the officers asked if he had anything illegal in his SUV. Defendant said "no" but looked quickly to the side of his seat. Defendant was instructed to get out of the SUV. The officer then searched the SUV, locating a methamphetamine pipe between the driver's seat and center console. Another officer then told defendant he was going to be personally searched and defendant admitted he had some "dope" in his possession. The officer found a plastic bag containing 2.7 grams of methamphetamine in defendant's pocket. Defendant did not offer an explanation for his possession of the pipe or methamphetamine. He did, however, say he had a problem with drugs.

Defendant testified that he had been convicted of assault in 2011 and was on probation when the officers stopped him on the night of his arrest. About an hour or two earlier, he had gone to the residence of Seemab Kahn to discuss the possibility of buying her husband's truck, since defendant was in the business of buying and selling vehicles. On his way to Kahn's house, he came across an acquaintance, Samantha Jiminez. He asked Jiminez to accompany him to Kahn's house so he would have someone to drive his SUV back if he decided to buy Kahn's husband's vehicle. While defendant was speaking with Kahn, he saw a lighter flickering in his SUV. He went over to his SUV and, when he saw Jiminez was trying to light the pipe to smoke drugs, he yelled at her and snatched both the pipe and the baggie of drugs he saw on her lap. Defendant and Jiminez argued for a few moments. Defendant told her to go home and get cleaned up and refused to

give her the items back. Jiminez was agitated and eventually left on foot. Defendant went back to Kahn and continued the negotiations, although they did not reach a mutually agreeable price.

Kahn also testified that when defendant arrived at her house, he had a female passenger in his SUV. Kahn saw the lighter flickering and defendant went over to his SUV immediately upon seeing it. Defendant and the female argued and eventually, the female left on foot. When defendant returned, Kahn saw him holding a glass pipe in one hand and a baggie with a clear substance in the other hand.

Defendant testified that he intended to dispose of the pipe and drugs but did not know how he planned to do that. He considered bringing it to the police but had not decided if that was a good plan. He did not throw the items out the window because he did not want a child to find them. After he left Kahn's house, he stopped for gasoline at Circle K and bought a lighter and cigarettes. He did not throw the items in the trash because he had seen people rummage through it. He also did not want to bring the items home. He had already driven past his house when he was pulled over. He did not tell the officers he had the pipe and drugs when he was stopped; and when asked, stated that he did not know if he would get into trouble.

The jury trial took place on August 20 and 21, 2013. The trial court denied defendant's request to instruct the jury with CALCRIM No. 2305 on momentary possession as a defense. A jury found defendant guilty of possession of methamphetamine and possession of drug paraphernalia.

Sentencing took place on October 15, 2013. The trial court placed defendant on probation on the condition he serve nine days in county jail, with time served, and imposed various fines and fees.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

3

DISPOSITION

The judgment is affirmed.

      ROBIE      , Acting P. J.

We concur:

      BUTZ      , J.

      MURRAY      , J.

4